UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS A. BLOUNT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 15-3256 |
| L. ROWDEN, *et al.*, | ) ) ) |
| Defendants. | ) |

   This cause is before the court for merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

   In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to clarify or expand on his claims.

   The plaintiff, a *pro se* prisoner currently detained at the Sangamon County Jail, filed this lawsuit pursuant to 28 U.S.C. §1983. The plaintiff alleges that he attended a party at a friend's house in Springfield in January of 2015 and was awakened to find officers storming the place to arrest someone else. The officers searched the plaintiff, found nothing, and then told him to leave. However, another officer came in and allegedly announced that the plaintiff would be arrested on drug charges, even though the plaintiff did not live at the residence and a search of the plaintiff came up clean. Charges against the plaintiff for the manufacture and distribution of a controlled substance are currently pending in Sangamon County. The plaintiff is asking that the trumped up charges be dismissed. After the merit review hearing, the plaintiff filed additional allegations and documents. He seeks to add Kenneth Karhliker and alleges that John Milhiser, Kenneth Karhliker, Detective Rowden, and Staci Buecker are (without elaboration) tampering with evidence, creating false evidence to frame the plaintiff, and prosecuting him without probable cause.

The plaintiff's allegations appear to state plausible constitutional claims. However, this court cannot interfere in pending state court criminal proceedings, absent extraordinary circumstances that do not appear present here. <u>Simpson v. Rowan</u>, 73 F.3d 134, 137 (7th Cir. 1995)("In Younger, the Supreme Court held that absent extraordinary circumstances federal courts should abstain from enjoining ongoing state criminal proceedings.")(citing <u>Younger v. Harris</u>, 401 U.S. 37, 53 (1971). After service is made, this case will be stayed until the criminal proceedings are over. *Simpson*, 73 F.3d at 138 (Fourth Amendment § 1983 claim for warrantless search and unlawful arrest should be stayed pending resolution of criminal proceedings). At that point, the plaintiff will be given an opportunity to file an amended complaint, and the court will conduct a merit review of the amended complaint. At this point, the plaintiff's challenge to the evidence presented against him in the criminal proceedings belongs in the criminal proceedings.

The Court will dismiss John Milmiser, the Sangamon County State's Attorney. A prosecutor is entitled to absolute immunity, and therefore immune from suit when performing the traditional functions of an advocate. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). No plausible inference arises from the complaint or the plaintiff's additional material that Attorney Milhiser is acting outside of his prosecutorial role.

IT IS THEREFORE ORDERED that:

1. The court will wait to delineate the claims until the plaintiff's criminal proceedings have concluded and the plaintiff has been given an opportunity to file an amended complaint.

2. The clerk is directed to send Notice of Lawsuit and Waiver of Service forms to Officers Rowden, Buecker, and Karhliker.

3. Defendant Milhiser is dismissed, without prejudice, because he is entitled to immunity on the present allegations.

4. The clerk is directed to terminate John Milhiser as a defendant.

5. A telephone status conference is set for February 9, 2016 at 2:30 p.m. The clerk is directed to prepare the appropriate writ to insure plaintiff's appearance by telephone at the status conference. The plaintiff should be prepared to inform the Court as to the status, outcome and disposition, if any, of his state criminal proceedings at this status conference.

ENTERED this 18th day of December, 2015.

                    **s/Harold A. Baker**
                    HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE